Filed 9/22/21  P. v. Bellows CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B306995 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA130645) |
| v. | |
| PATRICIA BELLOWS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Patrick Connolly, Judge.  Affirmed.

Spolin Law and Aaron Spolin for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda Lopez and Chung L. Mar, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Defendant and appellant Patricia Bellows (defendant) appeals from the summary denial of her petition for resentencing under Penal Code section 1170.95.[1]  She contends that the trial court erred in ruling that her convictions of attempted murder were ineligible for vacatur and resentencing as a matter of law.  Finding defendant's contention to be without merit, we affirm the trial court's order.

## BACKGROUND

**2014 conviction**

In 2014, a jury convicted defendant of two counts of attempted murder in violation of sections 664 and 187, subdivision (a), and one count of shooting at an inhabited dwelling in violation of section 246.  The jury found true the allegations that the attempted murders were willful, deliberate, and premeditated; that a principal personally and intentionally discharged a firearm; and that the crimes were committed for the benefit of, at the direction of, or in association with a criminal street gang.  Defendant admitted prior convictions alleged under the "Three Strikes" law (§§ 667, subds. (b)-(j), 1170.12, subds. (a)-(d)), and she was sentenced to a total aggregate prison term of 85 years to life.  In 2016, this court affirmed the judgment on appeal *People v. Bellows* (June 24, 2016, B264633) (nonpub. opn.) (*Bellows I*),[2] and the California Supreme Court denied review. (*People v. Bellows* (Oct. 12, 2016, S236217) [nonpub opn.]).

---

[1]     All further statutory references are to the Penal Code, unless otherwise indicated.

[2]     We take judicial notice of our appellate opinion affirming the 2014 judgment and summarize the procedural facts and evidence from the opinion, as the parties have done here.

**Trial evidence**

Defendant and her brother Norvalle Willis, both gang members, attended a house party where Willis got into an argument with the host, "Boli." Party guests then joined in beating Willis. When defendant and two friends came to his assistance a guest beat defendant as well. (*Bellows I, supra*, B264633.) A few days later defendant drove two other (male) members of her gang in her mother's SUV to the site of the party. When they arrived about 2:30 a.m., one of the men knocked on the door of the house. When Boli's mother and her boyfriend came to a window, the man asked for Boli and then fired a gun six to eight times toward the house. (*Ibid.*) Nearby police officers heard the gunfire and soon saw defendant's SUV leaving the area. The officers pursued the vehicle and eventually detained and arrested defendant and the two male suspects. (*Ibid.*)

**Appeal from the 2014 judgment**

In her appeal defendant contended that substantial evidence did not support her conviction as an aider and abettor of the attempted murders because the evidence was insufficient to prove that she shared the shooter's intent to kill. (*Bellows I, supra*, B264633.) The trial court had refused the prosecution's request to instruct regarding the natural and probable consequences theory of aiding and abetting and instructed solely on principles of direct aiding and abetting. Defendant argued that the evidence supported only the natural and probable consequences theory with a target crime of shooting at the house. We disagreed and found that substantial evidence supported the jury's finding that defendant knew and shared the shooter's intent to kill at the time she directly aided and facilitated the crime. (*Ibid.*)

**The 1170.95 petition**

In February 2020, defendant petitioned for resentencing on her attempted murder convictions under section 1170.95. Her petition alleged that she was charged by information that allowed the prosecution to proceed under the natural and probable consequences doctrine; that she was convicted of attempted murder; and that she could not now be convicted of attempted murder because of the changes to sections 188 and 189, effective January 1, 2019. On June 23, 2020, the trial court found that as a matter of law, defendant was not entitled to relief from attempted murder convictions under section 1170.95, and the court summarily denied the petition.

Defendant filed a timely notice of appeal from the order.

## DISCUSSION

Defendant contends that the trial court erred in concluding that section 1170.95 does not apply to a conviction of attempted murder.

Defendant acknowledges that on its face section 1170.95 does not apply to attempted murder convictions, but points out that at least one court has held that that Senate Bill No. 1437 (2017-2018 Reg. Sess.) abrogated the natural and probable consequences doctrine as it applies to attempted murder. (See *People v. Medrano* (2019) 42 Cal.App.5th 1001, 1008, 1017-1019, review granted Mar. 11, 2020, S259948.) That court did not hold, however, that section 1170.95 provides a procedure to vacate an attempted murder conviction. (See *Medrano*, at p. 1018.) Other courts, including this court, have held that it does not. (*People v. Love* (2020) 55 Cal.App.5th 273, 282, review granted Dec. 16, 2020, S265445; *People v. Alaybue* (2020) 51 Cal.App.5th 207, 223; *People v. Munoz* (2019) 39 Cal.App.5th 738, 754, review granted

4

Nov. 26, 2019, S258234; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1105, review granted Nov. 13, 2019, S258175.)

Defendant notes that the issue is presently before the California Supreme Court in *People v. Lopez*, *supra*, 38 Cal.App.5th 1087, and that review was granted in order to consider the following issues:

> "(1) Does Senate Bill No. 1437 (Stats. 2018, ch. 1015) apply to attempted murder liability under the natural and probable consequences doctrine? (2) In order to convict an aider and abettor of attempted willful, deliberate and premeditated murder under the natural and probable consequences doctrine, must a premeditated attempt to murder have been a natural and probable consequence of the target offense? In other words, should *People v. Favor* (2012) 54 Cal.4th 868 be reconsidered in light of *Alleyne v. United States* (2013) 570 U.S. 99 and *People v. Chiu* (2014) 59 Cal.4th 155?" (*People v. Lopez, supra*, S258175.)

Defendant invites this court to decide the first quoted issue in the affirmative and to find that she was convicted of attempted murder under the natural and probable consequences doctrine. Defendant urges that we remand the matter to the superior court with directions to proceed under section 1170.95 as though she had made a prima facie showing of eligibility under the statute. We decline to reverse the trial court's order, as defendant was not in fact convicted under the natural and probable consequences doctrine, but as a direct aider and abettor. The appellate opinion sets forth that no instructions regarding the natural and probable consequences doctrine were given to the jury and instead the jury was instructed that to find defendant liable for attempted murder, it must find that she was a direct aider and abettor who knew and shared the actual killer's intent to kill. (*Bellows I*,

*supra*, B264633.)  We concluded that the jury necessarily found that defendant directly aided and abetted the crime and shared the shooter's intent to kill at the time.  (*Ibid*.)  As a matter of law a person convicted as a direct aider and abettor with the intent to kill, not under the felony-murder rule or the natural and probable consequences doctrine, is ineligible for relief under section 1170.95.  (§ 1170.95, subd. (a); see *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1167.)

Defendant also argues that she "must have been convicted under a natural and probable consequences theory of attempted murder given that there was not sufficient evidence to convict her based on a theory of direct aiding and abetting."  That issue was previously decided against defendant in her appeal when we rejected the contention that substantial evidence did not support the jury's finding that defendant intended to kill.  (*Bellows I, supra*, B264633.)  "Nothing in the language of section 1170.95 suggests it was intended to provide redress for allegedly erroneous prior factfinding.  In particular, subdivision (a)(3) of section 1170.95 says nothing about erroneous prior findings or the possibility of proving contrary facts if given a second chance.  Rather, it requires that the petitioner could not be convicted of murder *because of the changes to sections 188 and 189*, not *because a prior fact finder got the facts wrong*.  The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved."  (*People v. Allison* (2020) 55 Cal.App.5th 449, 461.)  Otherwise, "every convicted murderer who could make a prima facie showing . . . that the prior findings were factually incorrect would be entitled to a bench trial de novo on those findings."  (*Ibid*.)

Even if we were to assume that Senate Bill No. 1437 (2017-2018 Reg. Sess.) and section 1170.95 expressly or impliedly applied to attempted murder, defendant would remain ineligible for relief under section 1170.95 unless she could not now be convicted of the underlying offense "because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) Prior to the change in law, one who with the intent to kill directly aided and abetted the perpetrator's attempted murder would be guilty of attempted murder. (*People v. Lee* (2003) 31 Cal.4th 613, 624.) After the changes to sections 188 and 189, one who with the intent to kill, directly aids and abets the perpetrator's attempted murder is guilty of attempted murder. (*People v. Medrano, supra*, 42 Cal.App.5th at p. 1013, review granted.) Thus, as defendant was convicted as a direct aider and abettor who harbored an intent to kill, she could still be convicted of attempted murder after the statutory changes.

In sum, section 1170.95 does not provide a procedure to vacate an attempted murder conviction, and even if it did, defendant would not qualify for relief. We conclude that the trial court did not err in summarily denying defendant's petition.

## DISPOSITION

The order is affirmed.

_____
CHAVEZ, J.

We concur:

_____ _____
ASHMANN-GERST, Acting P. J. HOFFSTADT, J.

7